UNITED STATES of America, Plaintiff,

v.

**Steven Dave AVERY, Defendant.**

**Crim. No. 76–8–D.**

United States District Court,
W. D. Oklahoma.

Feb. 4, 1976.

David L. Russell, U. S. Atty., by Drew Neville, Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff.

Vance F. Van Kolken, William D. Curlee, Oklahoma City, Okl., for defendant.

ORDER

DAUGHERTY, Chief Judge.

The above Defendant has filed two Motions To Suppress evidence herein. The evidence desired suppressed in each Motion is alleged incriminating statements made by the Defendant to law enforcement officers. Each Motion alleges a separate ground to suppress such evidence. One Motion claims that such alleged statements should be suppressed because they were made after an illegal arrest of Defendant by Officers of the Duncan, Oklahoma Police Department, citing *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). The other Motion claims that such alleged statements should be suppressed because they were obtained without the Defendant having been given the warnings prescribed by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and in violation of Rule 5, Federal Rules of Criminal Procedure and *Mallory v. United States,* 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957).[1] The Plaintiff opposes the Motions asserting, (1) No incriminating statements were made by Defendant to Officers of the Duncan Police Department and Plaintiff has no such evidence to offer, (2) Defendant was legally arrested by Officers of the Duncan, Oklahoma Police Department and (3) the only incriminating statements made by the Defendant which the Plaintiff desires to offer as evidence herein are those which were made by Defendant to a Special Agent of the Federal Bureau of Investigation after proper *Miranda* warnings were given to him and after the Defendant signed a Waiver of Rights Form. The Defendant responds to the position of the Plaintiff by asserting that he made incriminating statements to Police Officers of the Duncan, Oklahoma Police Department before he was interviewed by an agent of the FBI, that he was arrested at an earlier time than claimed by the Plaintiff which arrest was illegal as being accomplished without

---

1. Defendant offered no evidence at the hearing on this ground and same is deemed to have been abandoned.

an arrest warrant and without probable cause and that the Duncan, Oklahoma Police Officers after illegally obtaining incriminating statements from him furnished the same to the Special Agent of the FBI before his interview which tainted and renders inadmissible the incriminating statements made by Defendant to such agent even though he then received appropriate *Miranda* warnings and signed the Waiver of Rights Form. Defendant produced no evidence that he did not receive the *Miranda* warnings before the FBI interview, or did not voluntarily sign the Waiver of Rights Form or that the incriminating statements made to the FBI were obtained as a result of promises, force, threats or coercion.

The Court has conducted an evidentiary hearing on the Motions. The Defendant, the Special Agent of the FBI involved and Officers of the Duncan, Oklahoma Police Department testified. The Court finds and concludes that both Motions should be overruled and the statement made by Defendant to the Special Agent of the FBI on November 12, 1975 should be admitted in evidence under proper instructions to the Jury. In this regard the following findings of fact and conclusions of law are made:

(1) The Defendant was not arrested or taken into custody by Duncan Officers at the Century Motel in Duncan, Oklahoma.

(2) Defendant was not arrested until after information was received by Duncan Police Officers from Centerville, Texas containing the details of the theft of the car involved and a description of one of the thieves which description of one of the thieves fit the Defendant.

(3) Such arrest of Defendant when made was legally accomplished in that before said arrest the Police Officers knew through a NCIC check that the blue Chevrolet at the Century Motel was a recently stolen car from Texas, that it was parked outside the Defendant's motel room, that he was in a group of six blacks connected with said car and further had learned from Officers in Centerville, Texas that the car at the motel had been stolen the day before in Centerville and one of the thieves was black, as is Defendant, of the same height and weight as the Defendant and was wearing a burnt orange colored suit which was identical to the suit the Defendant was wearing.

(4) The arrest of Defendant after possession of the above information was accomplished on probable cause that the Defendant had committed the crime of the interstate transportation of a stolen motor vehicle and was a legal arrest without an arrest warrant.

(5) Defendant made no incriminating statements to Officers of the Duncan Police Department prior to the FBI interview and Plaintiff has none to offer in evidence.

(6) The Duncan Police Officers did not illegally obtain incriminating statements of Defendant while in custody and turn the same over to the FBI agent prior to the FBI interview of November 12, 1976.

(7) The statements of Defendant to the Special Agent of the FBI on November 12, 1975 were made after receiving proper *Miranda* warnings, signing a Waiver of Rights Form and without any promises, force, threats or coercion being practiced upon Defendant for the same.

The statement of Defendant to the FBI should therefore be admitted in evidence under proper instructions to the Jury as to voluntariness. Accordingly, the two Motions of Defendant to Suppress Evidence are overruled.